UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **MAGNOLIA TORQUE & TESTING INC** | **CASE NO. 6:25-CV-00180** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES L L C ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## AMENDED REPORT AND RECOMMENDATION

Whereas the Court requested additional review based on objections filed as to this Court's original Report and Recommendation, the undersigned issues the following Amended Report and Recommendation for the Court's consideration. (*See*, Rec. Doc. 47).

Before this Court is a MOTION TO REMAND filed by plaintiff Magnolia Torque & Testing, Inc. ("Magnolia"). (Rec. Doc. 20). Oppositions were filed by defendants Arthur J. Gallagher Risk Management Services, LLC and Arthur J. Gallagher & Co. (collectively "Gallagher") and Mt. Hawley Insurance Company ("Mt. Hawley"). (Rec. Docs. 30, 31). Magnolia filed replies as to each opposition. (Rec. Docs. 33, 34). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, this Court recommends that Magnolia's MOTION TO REMAND be DENIED.

### Factual Background

On March 23, 2021 John Givens was injured while working aboard the Holstein Platform, a floating truss spar owned and operated by Anadarko Petroleum Corporation and Occidental Petroleum Corporation. (Rec. Doc. 30-2 at ¶ VIII). Pursuant to a master service agreement between Anadarko, Occidental, and Magnolia, Magnolia agreed to obtain primary

insurance naming Anadarko, Occidental, and its contractors as additional insureds. (Rec. Doc. 1-1 at ¶ 8).

Magnolia filed the instant suit in the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana on August 17, 2023. (Rec. Doc. 1-1). Magnolia's original state court Petition asserted claims for breach of contract and declaratory judgment. (Rec. Doc. 1-1). Specifically, Magnolia alleged that Gallagher breached its contractual duty to procure primary and excess insurance for Magnolia naming Anadarko's contractors as additional insureds, as evidenced by Mt. Hawley's January 20, 2023 denial of coverage as to Nabors. (Rec. Doc. 1-2 at ¶¶ 12–14). Magnolia further sought a judgment

> declaring that [Gallagher] breached its duty to Magnolia to procure insurance naming companies like Nabors as additional insureds and is liable for all resulting damages" and claimed that "[b]ecause of the conduct of [Gallagher], Magnolia has sustained damages, including but not limited to, business interruption, and the time and expense incurred by Magnolia in seeking to obtain overage from Mt. Hawley for Nabors in the Givens lawsuit.

(*Id.* at ¶¶ 15–16).

Givens filed suit in the Eastern District of Louisiana against Nabors Offshore Corporation, Nabors Drilling Technologies USA, Inc., Anadarko, and Occidental. (Rec. Doc. 30 at p. 5). Givens' suit settled on September 25, 2024. (Rec. Doc. 1-2 at ¶ 30). On January 17, 2025, Magnolia amended its Petition to add a claim for damages in the amount of $250,000, representing the sum Magnolia was asked to, and did, contribute on behalf of Nabors toward that settlement. (Rec. Doc. 1-2 at ¶¶ 30–35).

Defendants removed Magnolia's suit to the Western District of Louisiana on February 12, 2025. (Rec. Doc. 1). Magnolia now seeks remand based on untimeliness of removal.

## **Applicable Standards**

Federal courts are courts of limited jurisdiction, possessing only that authority expressly granted to them by the Constitution or statutes. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). 28 U.S.C. § 1441(a) permits removal of civil actions brought in State court over which the district courts of the United States have original jurisdiction. Federal district courts possess original jurisdiction over, *inter alia*, cases in which the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. 28 U.S.C. § 1132.

Where an "initial pleading setting forth the claim for relief upon which such action or proceeding is based" is filed in state court, the removing party must file a notice of removal within 30 days of service of summons or filing where no service of the pleading is required, whichever is shorter. 28 U.S.C. § 1446(b). Where the initial pleading is not removable on its face, the removing party may file a notice of removal within 30 days of receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removeable." 28 U.S.C. § 1446(b)(3). No suit may be removed based on diversity jurisdiction via "other paper" under Subsection (b)(3) more than one year after the commencement of the suit, "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing this action." 28 U.S.C. § 1446(c)(1).

In observance of the limited jurisdiction of district courts, removal statutes are strictly construed, and all ambiguities are construed in favor of remand. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). Where removal is challenged via a motion for remand, the removing party bears the burden of establishing federal subject matter jurisdiction. *Renteria v. Lumpkin*, 2023 WL 7649071 (5th Cir. 2023) (citing *Manguno, supra*).

## Analysis

### I.     Should the Court address Magnolia's Motion to Remand before it reaches Mt. Hawley's Motion to Sever and to Transfer?

Citing the Supreme Court's ruling in *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007), in which the Court found that a district court may dismiss a case on the basis of *forum non conveniens* without first determining its own jurisdiction, Mt. Hawley urges this Court to address its pending MOTION TO SEVER AND TRANSFER (Rec. Doc. 18) before considering the instant MOTION TO REMAND.  (Rec. Doc. 30 at pp. 8–10).  In *Sinochem*, the Court, speaking through Justice Ginsburg, considered the Third Circuit Court of Appeals' finding that a district court could not dismiss an action pursuant to the *forum non conveniens* doctrine "unless and until it had determined definitively that it had both subject-matter jurisdiction over the cause and personal jurisdiction over the defendant." *Id.* at 428.  Addressing the particularities of the case before it, the Court found that dismissal under the *forum non conveniens* doctrine was clearly warranted and did not bear upon the merits of the case, which the Court determined was best adjudicated by Chinese courts, in which a related suit was already underway. *Id.* at 435.  The Court, speaking perhaps to the jurisprudential impact of its ruling under the unique facts of that case, cautioned that where a court

> can readily determine that it lacks jurisdiction over the cause…the proper course would be to dismiss on that ground…[b]ut where subject-matter…jurisdiction is difficult to determine, and forum non conveniens considerations weigh heavily in favor of dismissal, the court properly takes the less burdensome course.

*Id.* at 436.

Mt. Hawley also cites *Woodlands Dev., LLC v. Regions Bank*, 2013 WL 3233472 (E.D. La. June 24, 2013), in which the Eastern District of Louisiana determined that it was proper

4

to address a motion for transfer under 28 U.S.C. § 1412 before reaching a motion for remand by the plaintiff and a motion to dismiss by the defendant. In that case, defendant Regions Bank sought transfer of plaintiff's suit to the Middle District of Louisiana based on the pendency of plaintiff's underlying bankruptcy suit in that district. Citing the Fifth Circuit's instruction that where the jurisdictional question before the district court is "necessarily intertwined with bankruptcy proceedings," the district court should consider the transfer issue first, since "the bankruptcy court is best suited to resolve the issue of section 1334 jurisdiction[,]" the district court granted Regions' transfer motion and denied the plaintiff's motion to remand. (*Id.* at *6).

Although the undersigned agrees that jurisprudence clearly permits transfer of a case prior to a district court's ascertainment of its own jurisdiction in appropriate cases, this case does not present such an instance. The presence or absence of jurisdiction in this case is not a difficult question. Moreover, while a determination of jurisdiction will not infringe upon the merits of this case, consideration of the transfer motion will require the Court to construe an insurance policy and making findings on the enforceability of a forum selection clause. These matters are best reserved for a court that has established its jurisdictional basis. For these reasons, the undersigned will recommend that the instant MOTION TO REMAND (Rec. Doc. 20) be considered before Defendants' pending MOTION TO SEVER AND TRANSFER. (Rec. Doc. 18).

### II.     *Was Magnolia's suit initially removable?*

Magnolia's motion asserts that at the time of filing in state court, its suit was not removeable because "[a]t the time of the Original Petition was filed, the only damages that Magnolia had actually sustained and was seeking was for business interruption and the time and expense incurred…in seeking to obtain coverage." (Rec. Doc. 20-1 at p. 4). Magnolia denies that these damages met or exceeded the jurisdictional threshold of $75,000.00. (*Id.*).

Defendants argue that Magnolia's suit was, in fact, removeable on the face of the Original Petition. Defendants point out that, in addition to the money damages for business interruption damages and attorney fees and costs sought, Magnolia also prayed for declaratory judgment that Gallagher was "liable for all damages that may be assessed against Magnolia for any alleged failure to provide additional insured coverage to Nabors and/or to provide the insurance allegedly required under the Anadarko Master Service Agreement." (Rec. Doc. 30 at pp. 11–15; Rec. Doc. 30-1 at ¶ 16).

Magnolia denies that its request for declaratory relief should be considered in a determination of whether its Original Petition showed removability on its face because, at the time Magnolia's suit was filed, Givens had not yet filed his suit, and Magnolia did not incur damages as to the $250,000.00 in settlement funds until September of 2024. Therefore, Magnolia claims, the declaratory relief had no measurable value. (Rec. Docs. 33, 34).

"In an action for declaratory relief, the amount in controversy is the value of the right to be protected or the extent of the injury to be prevented." *Sentry Ins. v. Morgan*, 101 F.4th 396, 398 (5th Cir. 2024) (quoting *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002)). Here, Magnolia alleged that Gallagher breached its contractual duty to procure insurance designating Anadarko's various contractors, including Nabors, as additional insureds. (Rec. Doc. 1-1 at ¶ 16). Magnolia sought a declaratory judgment that, because of its alleged breach of contract, Gallagher would be liable for any damages sustained by Magnolia. (*Id.*). Magnolia's Original Petition specifically references Givens' March 23, 2021 accident and Mt. Hawley's subsequent coverage denial. (*Id.* at ¶¶ 7, 12).

Although it does appear to this Court that, at the time Magnolia's Original Petition was filed, Givens had not yet initiated his suit for damages resulting from the accident, this fact does not render the dispute between Magnolia and Gallagher so remote or speculative so as to deprive the Court of jurisdiction over adjudication of Magnolia's request for declaratory

6

relief. Where, as here, the allegations of a complaint show an actual dispute regarding the rights and obligations of parties, declaratory relief is available "whether or not further relief is or could be sought." 28 U.S.C. § 2201(a); *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270 (1941); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007). As alleged by Magnolia, it contracted with Gallagher to procure insurance according to certain requirements arising from the Anadarko Master Service Agreement and, when Mt. Hawley denied coverage to Nabors, Magnolia incurred liability risk based on the Master Service Agreement. Despite Givens' yet-to-be-filed personal injury suit, the nature of Givens' injuries and the general scope of liability was certainly known to the parties at that time. Based on the character of Givens' accident and his alleged injuries, this Court believes it was known or knowable upon the filing of Magnolia's Original Petition that the value of the declaratory relief sought met or exceeded the jurisdictional threshold under 28 U.S.C. § 1332(a). The addition of Magnolia's claims for breach of contract, business interruption, attorney fees and costs reinforces this conclusion.

Based on the foregoing analysis, this Court will recommend that Magnolia's suit be deemed initially removable under 28 U.S.C. § 1446.

### III.    *Was Defendants' removal timely?*

Where a suit is removable based on the initial pleading, notice of removal must be filed within 30 days of the initial pleading's filing. 28 U.S.C. § 1446(b). "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons…to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). In a multi-defendant case in which defendants are served at different times, a defendant having previously waived removal may nevertheless consent to timely removal by a later-served defendant. 28 U.S.C. § 1446(b)(2)(C).

7

Magnolia filed its Original Petition in state court on August 17, 2023, naming only the Gallagher entities as defendants. (Rec. Doc. 1-1). Neither Gallagher defendant removed the suit on the basis of the Original Petition. On January 17, 2025, Magnolia filed its First Supplemental and Amending Petition, adding Mt. Hawley as a defendant. (Rec. Doc. 1-3 at pp. 8–16). Mt. Hawley asserts that it was served with Magnolia's original and amended state court petitions on January 21, 2025. (Rec. Doc. 1 at p. 3; Rec. Doc. 1-3). Mt. Hawley filed its Notice of Removal in this Court on February 12, 2025, well within the 30-day window afforded under Section 1446(b)(2)(B). (Rec. Doc.1). The Gallagher defendants' written consent to removal was filed with Mt. Hawley's Notice. (Rec. Doc. 1-8). Any assertion by Magnolia that Gallagher's failure to remove the suit during the 30-day window following service of the Original Petition in 2023 is unpersuasive. *See*, *e.g.*, *Freeman v. Phillips 66 Co.*, 2014 WL 1379786, *1 (E.D. La. Apr. 8, 2014) (newly added defendant timely removed and no waiver by original defendants applied, despite three-year duration of state court proceedings prior to amendment); *Mathis v. DCR Mortg. III Sub I, LLC*, 942 F. Supp. 2d 649 (W.D. Tex. May 1, 2013) (citing *Noland v. Energy Res. Tech., Inc.*, 2013 WL 177446, at *2 (S.D. Tex. Jan. 16, 2013) (rejecting waiver argument as to newly-added defendants under the "last-served defendant rule").

Considering these facts, this Court finds Mt. Hawley's removal to be timely under 28 U.S.C. §§ 1446(b)(2)(B) and (C).

## Conclusion

For the reasons discussed herein, the Court recommends that the MOTION TO REMAND (Rec. Doc. 20) filed by plaintiff Magnolia Torque & Testing be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may

respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

**THUS DONE** in Chambers, Lafayette, Louisiana, on this 19th day of November, 2025.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**